UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LUNA,<br>   Petitioner,<br> v.<br>MARTIN GAMBOA,<br>   Respondent. | Case No. 21-cv-09669-JCS (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state sentence. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states a cognizable claim. On or before **August 8, 2022**, respondent shall file in response to the petition an answer or a dispositive motion.

Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 4.)

## BACKGROUND

A Contra Costa County Superior Court jury convicted petitioner of one count of aggravated sexual assault of a child by foreign object penetration and one count of committing a lewd act upon the body of a child under 14 years. (Pet., Dkt. No. 1 at 29.) In 2014, petitioner was sentenced to an indeterminate term of 15 years to life for the aggravated sexual assault and a determine term of six years for the lewd act, both to be served concurrently. (*Id.*)

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that his six-year sentence for the lewd act is the primary offense and because he has served those six years, he is eligible for nonviolent offender parole consideration under Proposition 57. When liberally construed, petitioner has stated a cognizable claim.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this order and a Magistrate Judge jurisdiction consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. On or before **August 8, 2022**, respondent shall file with the Court and serve on petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **August 8, 2022**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 5.)

9. Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 4.)

**IT IS SO ORDERED.**

**Dated:** April 6, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3