1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN LUNA,

               Petitioner,

    v.

MARTIN GAMBOA,

               Respondent.

Case No. 21-cv-09669-JST

**ORDER DENYING MOTION TO
DISMISS PETITION AS UNTIMELY;
DISMISSING PETITION FOR LACK
OF JURISDICTION; DENYING
CERTIFICATE OF APPEALABILITY**

Re: ECF No. 12

Petitioner Juan Luna, an inmate at Avenal State Prison, in Kings County, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence from Contra Costa County Superior Court. Pending before the Court is Respondent's motion to dismiss the petition as untimely. ECF No. 11. Petitioner has not filed an opposition, and the deadline to do so has since passed. For the reasons set forth below, the Court DENIES Respondent's motion to dismiss the petition as untimely (ECF No. 11), DISMISSES the petition for lack of jurisdiction, and DENIES a certificate of appealability.

### BACKGROUND

In 2013, a Contra Costa County jury convicted Petitioner of one count of sexual penetration of a child under fourteen years old (Cal. Penal Code § 269(a)(5)), and one count of committing a lewd and lascivious act on a child under age fourteen (Cal. Penal Code § 288(a)), with enhancements for use of force (Cal. Penal Code § 1203.065(a)) and substantial sexual conduct (Cal. Penal Code § 1203.066(a)(8)). ECF No. 11 at 9, 21. On March 7, 2014, Petitioner was sentenced to an indeterminate term of 15 years to life for the aggravated sexual assault and a determinate term of 6 years (the middle term) for the lewd act, to run concurrently for an aggregate of fifteen years to life in prison. ECF No. 1 at 19-24, 29; ECF No. 11 at 21. Petitioner

1    was given 594 days credit for time spent in custody.  ECF No. 1 at 20, 23.  Petitioner completed

2    his determinate term on either March 7, 2020 (six years from date of sentencing) or July 22, 2018

3    (six years from date of sentencing minus the 594 days credit time).

4         On April 12, 2016, the California Court of Appeal affirmed Petitioner's conviction and

5    judgment on direct review.  ECF No. 11 at 9-26.  On June 29, 2016, the California Supreme Court

6    denied review.  ECF No. 11 at 28.

7    **A.    First Set of State Collateral Proceedings**

8         On or about November 6, 2016, Petitioner filed a habeas petition in Contra Costa County

9    Superior Court, alleging that counsel was ineffective for failing to present evidence regarding the

10   victim's inconsistent statements regarding the clothing that she was wearing when sexually

11   assaulted and that the prosecution committed misconduct by suppressing evidence of medical

12   examinations.  ECF No. 11 at 30-91.

13        On November 21, 2016, without having received a decision from the Contra Costa County

14   Superior Court, Petitioner filed a habeas petition in the California Court of Appeals.[1]  ECF No. 11

15   at 93.  On November 29, 2016, the California Court of Appeals denied the petition for failing to

16   first exhaust his habeas corpus remedy in the superior court prior to seeking relief in the appellate

17   court.  ECF No. 11 at 93.

18        On or about December 21, 2016, Petitioner mailed a habeas petition to the California

19   Supreme Court, which was docketed on December 27, 2016.  This petition presented the same

20   claims as the November 2016 petition filed in Contra Costa County Superior Court.  ECF No. 11

21   at 95-147.

22        On January 11, 2017, the Contra Costa County Superior Court denied the petition.  ECF

23   No. 11 at 150-53.  On February 15, 2017, the California Supreme Court denied the petition.  ECF

24   No. 11 at 158.

25        On or about February 14, 2017, Petitioner filed a habeas petition in the California Court of

26

27   _____

28   [1] The habeas petition filed on November 21, 2016 in the California Court of Appeals was not filed
in the record, but the Court presumes it raised the same claims as the November 6, 2016 habeas
petition filed in Contra Costa County Superior Court.

United States District Court
Northern District of California

1   Appeal, which appears to present the same claims as presented in the November 2016 petition

2   filed in Contra Costa County Superior Court (ineffective assistance of counsel and *Brady*

3   violation).[2]  ECF No. 11 at 155.  On March 8, 2017, the state appellate court denied the petition,

4   denying the claims as procedurally barred because they could have been, but were not, raised on

5   direct appeal, citing to *In re Harris*, 5 Cal. 4th 813, 829 (Cal. 1993), and *In re Dixon*, 41 Cal. 2d

6   756, 759 (Cal. 1953), and because the claims were not substantiated by the record.  ECF No. 11 at

7   155.

8   **B.      Second Set of State Collateral Proceedings**

9           On or about February 22, 2021 (petition signature date), nearly four years after the

10  conclusion of his first set of state collateral proceedings, Petitioner filed another habeas petition in

11  Contra Costa County Superior Court.  This habeas petition raises the claims raised in this instant

12  federal petition (parole eligibility pursuant to Proposition 57).  ECF No. 11 at 160-171.  The

13  superior court denied this petition on April 13, 2021.  ECF No. 11 at 173-76.

14          On June 7, 2021, Petitioner filed the same habeas petition in the California Court of

15  Appeal.  The state appellate court summarily denied the petition on June 16, 2021.  ECF No. 11 at

16  178.

17          On or about July 12, 2021 (petition signature date), Petitioner filed the same habeas

18  petition in the California Supreme Court, which was docketed on July 16, 2021.  ECF No. 11 at

19  180-225; ECF No. 1 at 27.  The California Supreme Court denied this petition on October 13,

20  2021.  ECF No. 1 at 26.

21  **C.      Federal Petition**

22          The instant petition was filed on or about December 7, 2021 (proof of service date).[3]  ECF

23

24  ---
    [2] The habeas petition filed on February 14, 2017 in the California Court of Appeals was not filed
25  in the record.  Based on the description provided in the appellate court docket, ECF No. 11 at 155,
    the Court presumes it raised the same claims as the November 6, 2016 habeas petition filed in
26  Contra Costa County Superior Court.
    [3] In determining when a *pro se* state or federal petition is filed, the "mailbox rule" applies.  A
27  petition is considered filed on the date a prisoner hands the petition to prison officials for mailing.
    *Ramirez v. Yates*, 571 F.3d 993, 996 n.1 (9th Cir. 2009); *Jenkins v. Johnson*, 330 F.3d 1146, 1149
28  n.2 (9th Cir. 2003), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005).
    The proof of service is dated December 7, 2021.  ECF No. 1 at 39.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    No. 1.  The Court found that the petition stated the following cognizable claim: Petitioner is

2    eligible for nonviolent offender parole consideration under Proposition 57 because his six-year

3    sentence for the lewd act is the primary offense and he has served those six years.  ECF No. 7.

4    The Court ordered Respondent to show cause why relief should not be granted on this claim.  *Id.*

5    **D.      Proposition 57**

6          California's Proposition 57, approved by voters in November 2016, makes parole more

7    available for certain felons convicted of nonviolent crimes.  Specifically, Proposition 57 adds

8    Article I, section 32 to the California Constitution.  That section provides:

9          § 32. Public Safety and Rehabilitation Act of 2016

10              (a) The following provisions are hereby enacted to enhance public safety, improve
     rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding
11    anything in this article or any other provision of law:
              (1) Parole Consideration: *Any person convicted of a nonviolent felony offense and
12    sentenced to state prison shall be eligible for parole consideration after completing the full
     term for his or her primary offense.*
13              (A) For purposes of this section only, the full term for the primary offense means
     the longest term of imprisonment imposed by the court for any offense, excluding the
14    imposition of an enhancement, consecutive sentence, or alternative sentence.
              (2) Credit Earning: The Department of Corrections and Rehabilitation shall have
15    authority to award credits earned for good behavior and approved rehabilitative or
     educational achievements.
16              (b) The Department of Corrections and Rehabilitation shall adopt regulations in
     furtherance of these provisions, and the Secretary of the Department of Corrections and
17    Rehabilitation shall certify that these regulations protect and enhance public safety.

18    Cal. Const. art. I, § 32 (emphasis added).  The addition of Section 32 to the California Constitution

19    is the only change made by Proposition 57 to the adult criminal justice system in California.[4]

20    While Proposition 57 made certain felons eligible for parole consideration at an earlier date, it did

21    not create a right to resentencing.  "In contrast to resentencing initiatives, section 32 did not create

22    or authorize a substantial right to be resentenced or provide a remedy by way of a statutory

23    postjudgment motion for an inmate to file a petition with the superior court for recall or

24    resentencing in the first instance."  *People v. Dynes*, 20 Cal. App. 5th 523, 528 (2018) (internal

25    quotation marks omitted).

26    _____

27    [4] Proposition 57 also changes the juvenile justice system in California by amending Cal. Welf. &
     Inst. Code §§ 602, 707.  This part of Proposition 57 is not discussed further because it is not
28    relevant to the instant petition.  Petitioner was around 37 years old at the time of his 2013
     conviction.  *See* ECF No. 1 at 20 (listing his date of birth as being in 1976).

1

**DISCUSSION**

2      Respondent has filed a motion to dismiss this petition as untimely, arguing that the instant

3  petition, filed on December 7, 2021, is untimely because the one-year limitations period expired

4  on January 27, 2018, nearly three years before this action was commenced.  ECF No. 11.

5  Petitioner has not responded to the motion to dismiss.

6  **A.      AEDPA Statute of Limitations**

7      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

8  April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations

9  for filing federal petitions for a writ of habeas corpus.  In relevant part, Section 2244(d)(1)(A)

10  requires state prisoners challenging non-capital state convictions or sentences to file their habeas

11  petitions within one year of the latest of the date on which the judgment became final after the

12  conclusion of direct review or the time passed for seeking direct review.  28 U.S.C.

13  § 2244(d)(1)(A).  The one-year period generally will run from "the date on which the judgment

14  became final by the conclusion of direct review or the expiration of the time for seeking such

15  review."  28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes upon the United States Supreme

16  Court's denial of certiorari review of a state court conviction, or upon the expiration of the time

17  for filing a petition for certiorari review in the United States Supreme Court.  *Bowen v. Roe*, 188

18  F.3d 1157, 1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002)

19  (where petitioner did not file petition for certiorari, conviction became final 90 days after

20  California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).  In certain

21  circumstances, the limitations period may start at a later date or be tolled.

22      **Delayed Commencement of the Limitations Period.**  Section 2244(d)(1)(B)-(D)

23  provides for the delayed commencement of the AEDPA one-year limitations period in three

24  circumstances.  Where applicable, the limitations period may start from (1) the date when an

25  impediment to filing an application created by unconstitutional state action was removed, if such

26  action prevented the petitioner from filing; (2) the date a constitutional right asserted was

27  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

28  made retroactive to cases on collateral review; or (3) the date the factual predicate of the claim

United States District Court
Northern District of California

United States District Court
Northern District of California

1   could have been discovered through the exercise of due diligence.  28 U.S.C.

2   § 2244(d)(1)(B)-(D).

3        **Tolling of the Limitations Period.**  The one-year statute of limitations is tolled under

4   Section 2244(d)(2) for the "time during which a properly filed application for State post-

5   conviction or other collateral review with respect to the pertinent judgment or claim is pending."

6   28 U.S.C. § 2244(d)(2).  A state habeas petition filed before AEDPA's statute of limitations

7   begins to run tolls the limitations period.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  A

8   state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations

9   period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does

10   not permit the reinitiation of the limitations period that has ended before the state petition was

11   filed," even if state petition was timely filed); *Jiminez*, 276 F.3d at 482 (same).  An application for

12   collateral review is "pending" in state court for "all of the time during which a state prisoner is

13   attempting, through proper use of state court procedures, to exhaust state court remedies with

14   regard to a particular post-conviction application."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.

15   1999).  If the time to file a federal petition has not already expired when a second round of

16   properly filed California habeas petitions begins, the second round of petitions can toll the

17   § 2244(d)(1) period.  *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001).  If there is any gap

18   between the completion of one round of review and the commencement of another round of state

19   habeas review, the petitioner is not entitled to tolling during the gap.[5]  *See Biggs v. Duncan*, 339

20   F.3d 1045, 1046-48, 1048 (9th Cir. 2003) (finding that petitioner was not entitled to tolling of

21   129-day period before he began second round of habeas petitions because first round of collateral

22   review, which fully exhausted claims raised in first petition, was complete when California

23   Supreme Court denied first petition); *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002)

24

25     [5] In two circumstances, tolling is available for the time period between the two petitions.  Where

26   the successive petition is limited to an elaboration of the facts relating to the claims in the first
    petition and where the successive petition attempts to correct deficiencies of the initial petition, the

27   petitioner is then still making "proper use of state court procedures" and the time period between
    the two petitions is tolled.  *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003).  This exception is

28   unavailable here because the second habeas petition raises new claims and is not an attempt to
    correct deficiencies of a prior petition.

1  (when calculating tolling period, excluding gap between first set of state habeas petitions (superior

2  court, court of appeal and supreme court) and second set of state habeas petitions (superior court,

3  court of appeal and supreme court)); *Dils*, 260 F.3d at 986 (no tolling limitations period during

4  gap between successive state habeas petitions filed in state's highest court).

5  **B.    Analysis**

6  Respondent moves to dismiss the petition as untimely, arguing that the petition is untimely

7  by at least 1,447 days because the limitations period began on September 27, 2016; was tolled

8  from November 6, 2016 to March 8, 2017; and expired on January 27, 2018.  A total of 1,447 days

9  elapsed between the expiration of the limitations period on January 27, 2018, and the second

10 "round" of state collateral proceedings, which commenced on February 22, 2021.  Respondent

11 also argues that Petitioner is not entitled to "gap" tolling for the second set of state collateral

12 proceedings because there is no gap tolling for time between Petitioner's two "rounds" of state

13 habeas petitions and because the 1,447-day period constituted an unreasonable delay, within the

14 meaning of *Evans v. Chavis*, 546 U.S. 189, 198 (2006).  Finally, Respondent argues that Petitioner

15 is not entitled to delayed commencement of the limitations period within the meaning of Section

16 2244(d)(1)(D) because a change in California law does not constitute a factual predicate for the

17 purposes of delayed commencement of the limitations period and because Proposition 57 has no

18 causal connection to Petitioner's period of inactivity between March 8, 2017 and February 22,

19 2021.  The Court finds that the record is unclear as to whether the petition is timely.

20 **1.    Timeliness**

21 The following facts are undisputed.  The one-year AEDPA statute of limitations period for

22 the underlying conviction began to run on September 27, 2016, the date that Petitioner's

23 conviction became final.  *Miranda*, 292 F.3d at 1065 (where petitioner did not file petition for

24 certiorari, conviction became final 90 days after California Supreme Court denied review).  Forty

25 days later, on November 6, 2016, Petitioner commenced his first round of state collateral

26 proceedings when he filed a habeas petition in the Contra Costa County Superior Court.  Because

27 Petitioner commenced state collateral proceedings prior to the expiration of the limitations period,

28 the limitations period was tolled from November 6, 2016 to March 8, 2017, when the California

United States District Court
Northern District of California

1    Court of Appeal denied his habeas petition in C No. A150534.  *Jimenez*, 276 F.3d at 482.  The

2    limitations period began to run again on March 9, 2017 and expired 316 days later, on January 28,

3    2018.

4         Proposition 57 was approved by voters on November 8, 2016.  Petitioner's second round

5    of state collateral proceedings, alleging that he is eligible for nonviolent offender parole

6    consideration under Proposition 57, commenced on February 22, 2021.  This petition was filed on

7    or about December 7, 2021.

8         The Court finds that Petitioner is entitled to delayed commencement of the limitations

9    period.  Respondent is correct that a change in state law does not constitute a factual predicate for

10   purposes of delayed commencement of the limitations period under Section 2244(d)(1)(D).  *See*

11   *Shannon v. Newland*, 410 F.3 1083, 1088-89 (9th Cir. 2005) (state-court decision an abstract

12   proposition of law arguably helpful to petitioner's claim does not constitute "factual predicate" for

13   that claim).  However, here the factual predicate for Petitioner's claim is not the enactment of

14   Proposition 57, but prison officials' alleged failure to apply Proposition 57 to Petitioner once he

15   completed his determinate 6-year term.

16        However, although Petitioner is entitled to delayed commencement of the limitations

17   period, the Court cannot determine from the record when the factual predicate of Petitioner's

18   claim was discovered.  The factual predicate could be (1) the date that Petitioner completed his

19   determinate 6-year term and was not granted parole or a parole hearing, or (2) the date that his

20   request for parole consideration was denied, if Petitioner made such a request.

21        If the factual predicate of this claim is calculated from the date that Petitioner completed

22   his determinate 6-year term, this petition, filed December 7, 2021, is untimely.  As discussed

23   above, Petitioner completed his determinate 6-year term on either March 7, 2020 (six years from

24   date of sentencing) or July 22, 2018 (six years from date of sentencing minus the 594 days credit

25   time).  If the limitations period began to run from July 22, 2018, the limitations period expired on

26   July 22, 2019.  If the limitations period began to run from March 7, 2020, Petitioner would be

27   entitled to statutory tolling from February 27, 2021 to October 13, 2021, when the second set of

28   state collateral proceedings were pending, and the limitations period would expire on October 22,

8

2021.

But if Petitioner requested parole consideration pursuant to Proposition 57, the factual predicate of his claim would not accrue until prison officials denied the request.  This date could be later (or earlier) than the date his determinate 6-year term concluded.  For example, if Petitioner filed a grievance or request with prison authorities upon the conclusion of the determinate 6-year term, the factual predicate of the claim that prison authorities denied him parole consideration pursuant to Proposition 57 would not accrue until prison authorities denied the grievance or request.  Based on the record before the Court, the Court cannot determine whether this petition is untimely.  The Court therefore DENIES the motion to dismiss the petition as untimely.  However, the Court dismisses the petition for lack of jurisdiction, as explained below.

**2.      Dismissal for Lack of Jurisdiction**

The Court DISMISSES the petition for lack of federal habeas jurisdiction.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).  Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'"  *Skinner*, 561 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).  The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and may only be brought under 42 U.S.C. § 1983.  *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

1  Here, habeas jurisdiction is lacking because success on Petitioner's claim would not

2  shorten or end his sentence.  Eligibility for a parole hearing pursuant to Proposition 57 would only

3  ensure Petitioner a parole hearing; it would not require Petitioner's immediate release from prison.

4  Petitioner must still be found suitable for parole before he may be released from prison.  Because

5  Petitioner's claim falls outside the core of habeas corpus, his only potential recourse in federal

6  court is to file a § 1983 complaint.  *See, e.g., Skinner*, 561 U.S. at 533-34.  The Court DISMISSES

7  this petition for a writ of habeas corpus for lack of federal habeas jurisdiction.  The dismissal is

8  without prejudice to Petitioner filing a new civil rights action asserting his challenge to the denial

9  of a parole hearing pursuant to Proposition 57, if he believes that such denial violates either the

10  United States Constitution or federal law.[6]

11  ### CERTIFICATE OF APPEALABILITY

12  The federal rules governing habeas cases brought by state prisoners require a district court

13  that issues an order denying a habeas petition to either grant or deny therein a certificate of

14  appealability.  *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

15  A judge shall grant a certificate of appealability "only if the applicant has made a

16  substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the

17

18  [6] A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983.  *Wilwording v. Swenson*, 404

19  U.S. 249, 251 (1971), *superseded by statute on other grounds by* the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e et seq., *as*

20  *recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, the Court declines to do so here for the following reasons.  The difficulty with construing a habeas petition as a civil rights

21  complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed

22  here.  Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure

23  to link each defendant to the claims, and potential absence of an adequate prayer for relief.  A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right

24  to a jury trial on his claims; (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a habeas action; (3) state court (rather than administrative)

25  remedies must be exhausted for the claims in a habeas action; (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the

26  desired relief when the prisoner is complaining about a condition of confinement; and (5) damages cannot be awarded in a habeas action.  It is not in the interest of judicial economy to allow

27  prisoners to file civil rights actions on habeas forms because virtually every case, including this one, will be defective at the outset and require additional court resources to deal with the problems

28  created by the different filing fees and the absence of information pertinent to civil rights claims on a habeas form.

certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely is DENIED; the petition for a writ of habeas corpus is DISMISSED for lack of jurisdiction, and a certificate of appealability is DENIED.

The Clerk shall enter judgment in favor of Respondent and close the file.

This order terminates ECF No. 12.

**IT IS SO ORDERED.**

Dated:  November 21, 2022

_____
JON S. TIGAR
United States District Judge